DMJ:KMT

FILED
IN CLERK'S OFFICE
DISTRICT COURT E D N Y

AUG 07 2012

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

12-0738M

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

TRACY ISAAC,

        Defendant.

- - - - - - - - - - - - - - - - -X

C O M P L A I N T

(18 U.S.C. § 1709)

EASTERN DISTRICT OF NEW YORK, SS:

        STEVEN DEMAYO, being duly sworn, deposes and states that he is a Special Agent for the United States Postal Service, Office of Inspector General ("USPS-OIG" or "Postal") duly appointed according to law and acting as such.

        Upon information and belief, in or about and between June 2012 and August 6, 2012, within the Eastern District of New York, the defendant TRACY ISAAC, being a Postal Service employee, did embezzle mail which came into her possession intended to be conveyed by mail and carried and delivered by any carrier, messenger, agent or other person employed by the Postal Service.

        (Title 18, United States Code, Section 1709)

        The source of your deponent's information and the grounds for his belief are as follows:[1]

---

    [1]    Because the purpose of this Complaint is to state only probable cause to arrest, I have not described all of the relevant facts and circumstances of which I am aware.

2

1. I have been a Special Agent of the United States Postal Service, Office of Inspector General, since approximately October 2006. Prior thereto, I was a Special Agent with the Department of Homeland Security for approximately 11 years. The information contained in this affidavit is based on my personal involvement in this investigation and conversations with witnesses with firsthand knowledge of the events described herein.

2. Beginning in or about July 2012, I received two complaints through the United States Postal Service online complaint system regarding gift cards placed into the mail stream at the Wantagh Post office that were never delivered. I spoke with Jane Doe #1 and Jane Doe #2, individuals whose identities are known to me, and each victim indicated that they had sent two gift cards on two different occasions that were not delivered.

3. Jane Doe #1 described the Post Office teller who assisted her as a young African-American female wearing a name tag that said "Tracy." I then spoke with the Wantagh Postmaster, who indicated that he had only one employee fitting that description, who he identified as defendant TRACY ISAAC. Defendant ISSAC is a Sales and Service Distribution Clerk who has been assigned to the Wantagh Post Office, 3300 Park Avenue, Wantagh, New York, since approximately May 2012.

3

4. Jane Doe #2 stated that, on or about June 15, 2012, she sent a TD Bank Visa gift card from the Wantagh Post Office, which was never delivered. Jane Doe #2 provided me with the gift card number, and with this information I was able to determine that the gift card was used to make a purchase at a Sears store in Bay Shore, New York, at approximately 3 p.m. on or about June 20, 2012. Sears reviewed their sales records and was able to identify which cashier at their Bay Shore store processed the purchase made with the stolen TD Bank Visa gift card.

4. I then reviewed video surveillance and sales records from the identified Sears cashier around 3 p.m. on June 20, 2012. The woman seen making the purchase at Sears fit the general description of defendant ISAAC given to me by Jane Doe #1. In the video surveillance, I also observed a large cross tattoo on the woman's right shoulder. I then went to the Wantagh Post Office, where I was able to identify defendant ISAAC as the individual captured on Sears surveillance video based on the description and name provided by Jane Doe #1, my review of the Sears surveillance video, and my personal observation of defendant ISAAC in the Post Office, including my observation of the large cross tattoo on defendant's right shoulder.

5. In addition, in connection with ISAAC's use of the TD Bank Visa gift card at Sears, ISAAC provided Sears with personal information related to a Sears customer rewards program.

4

At the time of defendant's June 20, 2012 purchase using the stolen TD Bank Visa card, defendant provided Sears with her personal address and phone number. The information defendant provided to Sears on June 20, 2012 matches defendant's personal address and phone number on file with the Post Office.

6. On August 6, 2012, the defendant was scheduled to work at the Wantagh Post Office from 12 p.m. to approximately 6:00 p.m., and in fact did so. On that day, I prepared a test envelope containing a gift card, cash, and an electronic transmitter, to be sent from the Wantagh Post Office. Also on that day, at approximately 1:38 p.m., an undercover Special Agent from USPS-OIG approached defendant's teller window in the Wantagh Post Office, indicated that she wanted to send the test envelope, and asked defendant to weigh the envelope to determine the correct postage. In the course of this interaction, the undercover agent revealed the contents of the test envelope to defendant ISSAC.

7. After the undercover agent affixed the required postage to the test envelope, she indicated that she would drop the envelope in the collection box for outgoing mail in the Post Office lobby. The undercover agent dropped the envelope in the collection box on her way out of the Post Office.

8. From within the Wantagh Post Office, I was able to surveil the collection box for outgoing mail in the Post Office

5

lobby. At approximately 1:48 p.m., ten minutes after the undercover agent deposited the test envelope in the outgoing mail collection box, I witnessed defendant ISAAC approach the collection box, remove the test envelope, and bring it back to her work station where it remained until defendant ISAAC prepared to leave work at approximately 6 p.m.

9. By monitoring the electronic transmitter inside the test envelope, I could determine that, around the end of defendant's shift at approximately 6 p.m., the test envelope was in motion. Around that time I witnessed defendant collect her purse, clock out, and exit into the parking lot. During this period, the electronic transmitter continued to indicate that it was in motion.

10. As defendant attempted to leave the Post Office parking lot in her personal vehicle, she was stopped by agents from USPS-OIG. Agents indicated to defendant that they knew defendant was carrying mail she had removed from the Post Office. They requested that defendant return the mail, which she did.

11. At approximately 6:10 p.m., defendant was transported to the USPS-OIG office in West Babylon. At the West Babylon office, I verbally advised defendant of her Miranda rights and provided her with a written waiver form, which she followed along with as I reviewed her rights. Defendant verbally stated she understood and both verbally and in writing agreed to

6

waive her rights. Defendant then stated, in sum and substance and in pertinent part, that she had taken the test envelope earlier that day after noticing that it contained cash and a gift card. She also stated that since late May or early June she had stolen 5 gift cards in the course of her employment at the Wantagh Post Office.

12. At time of defendant's arrest, agents took an inventory of her personal effects. During the inventory, agents discovered that defendant had in her wallet two gift cards identified by the initial complainants through the United States Postal Service online complaint system.

WHEREFORE, your deponent respectfully requests that the defendant TRACY ISAAC be dealt with according to law.

> Steven DeMayo
> Special Agent
> United States Postal Service,
> Office of Inspector General

Sworn to before me this
7th day of August, 2012

S/ E. THOMAS BOYLE, MJ

UNITEI
EASTERN DISTRICT OF NEW YORK